Honorable Lauren King

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| Michael Paieri,<br><br>Plaintiff, on behalf of himself and all others similarly situated<br><br>v.<br><br>Western Conference of Teamsters Pension Trust; the Board of Trustees of the Western Conference of Teamsters Pension Trust,<br><br>Defendants. | No: 2:23-cv-00922-LK<br><br>**Plaintiff's Opposition to Defendants' Motion for Protective Order Staying Discovery Until Defendants Have Answered Plaintiff's Operative Amended Complaint**<br><br>**Noting Date: November 17, 2023** |

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 1

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Table of Contents**

INTRODUCTION ................................................................................................ 2

BACKGROUND ................................................................................................. 2

ARGUMENT ....................................................................................................... 3

    A.    The Motion Should Be Summarily Denied for Failure to Confer in    Good Faith ................................................................................................. 3

    B.    Defendants Do Not Meet Their Heavy Burden for a Stay of Discovery ..... 5

        1.    Defendants' Motion to Dismiss Contradicts Allegations of the FAC ...... 6

        2.    Defendants' Standing Arguments Are Meritless ..................................... 7

        3.    Defendants' Arguments About ERISA QJSA Requirements Are Unlikely to Succeed .............................................................................. 10

        4.    Defendants' Statute of Limitations Arguments Also Fail ...................... 11

    C.    A Stay Will Prejudice Plaintiff ................................................................ 13

    D.    Defendants' Cases Are Inapposite ........................................................... 14

CONCLUSION ................................................................................................. 14

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 1

MARTIN & BONNETT, P.L.L.C
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff opposes Defendants' Motion for Protective Order Staying Discovery ("Motion").

## INTRODUCTION

Defendants' Motion seeking a blanket stay on all discovery should be summarily denied based on Defendants' failure to engage in a good faith, meaningful meet and confer to impasse. Defendants never conferred with Plaintiff's counsel following service of Plaintiff's discovery requests nor did they otherwise raise their arguments regarding the scope and breadth of the discovery Plaintiff served. Although the Motion should be denied based on Defendants' failure to confer, the other reasons proffered by Defendants likewise have no merit and do not meet their "heavy burden" for a blanket protective order staying all discovery while Defendants' motion to dismiss (Doc. 44, "MTD") is pending.

## BACKGROUND

On September 1, 2023, the parties submitted a Combined Joint Status Report and Discovery Plan in which Mr. Paieri set forth the nature of the claims. Doc. 26 at 2-9. Plaintiff's complaint was filed on June 19, 2023. Doc. 1. On August 4, 2023, the parties held a Rule 26(f) meeting, and Defendants advised Plaintiff that they intended to move for a stay of all discovery because they were filing a motion to dismiss. The Court issued the Scheduling Order on September 6, 2023. Doc. 29. Defendants moved to dismiss the Complaint on September 15, 2023, Doc. 30, but after Plaintiff filed an amended complaint ("FAC") on October 6, 2023, Doc. 36, Defendants withdrew their original motion to dismiss. Doc. 46.

Plaintiff served requests for production ("RFPs") on October 2, 2023. Declaration of Jennifer Kroll in Opposition to Motion for Protective Order ("Kroll Decl.") ¶5. Without engaging in any meet and confer regarding the RFPs, Defendants filed this Motion on

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 2

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

October 27, 2023. Doc. 37.[1]

## ARGUMENT

**A. The Motion Should Be Summarily Denied for Failure to Confer in Good Faith**

Defendants' Motion should be summarily denied for failure to meet and confer in good faith as required under this Court's rules and orders. *See* LCR 26 (movant must certify that it has "engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action."); LCR 1. Defendants' Motion and supporting declaration take aim at Plaintiff's specific discovery requests, yet Defendants never addressed a single discovery request with Plaintiff before filing this Motion.

At the August Rule 26(f) meeting, Defendants asked Plaintiff to agree to stay discovery pending the outcome of a motion to dismiss. Kroll Decl. ¶3-4. Neither during this meeting nor after subsequent service of Plaintiff's RFPs did Defendants raise any of the issues regarding specific RFPs or the burden that they would impose before filing this Motion. *Id.* Defendants could not have raised concerns about the specific requests at the August meeting because Plaintiff had not yet served discovery at the time. Plaintiff served RFPs on October 2, 2023. *Id*. ¶5. On October 11, 2023, Defendants sent an email, once again not raising any of the specific discovery requests and asking Plaintiff if his position on a protective order had changed "in light of the filing of the FAC and our anticipated response to the FAC via motion to dismiss." Kroll Decl. Ex. 1. In response, Plaintiff's counsel stated:

> We don't agree to a stay on discovery for reasons you and I previously discussed. The Amended Complaint does not change this. …. Of course, if Defendants have a specific issue with a discovery request, we are happy to meet and confer on it prior to the November 1 deadline for Defendants to respond.

---

[1] The parties have scheduled a meet and confer to address Defendants' deficient responses to Plaintiff's RFPs.

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 3

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

*Id.* Ex. 2. Instead of conferring on the discovery requests, Defendants filed their Motion.

Despite the lack of any conference on any RFPs, most of Defendants' Motion and supporting declaration is addressed to Plaintiff's RFPs and the purported burden to respond to them. For example, Defendants' Motion's first grounds for staying *all* discovery is because "Plaintiff's pending discovery requests are intrusive and overbroad, as they seek personal information relating to hundreds of thousands of Plan participants dating back to 1983." *See also* p.2 ("Plaintiff's Requests are highly intrusive and overbroad.") and p.3 ("Responding to these Requests will be extremely time consuming, and will impact the limited resources available to carry out the Plan's daily administrative operations."). However, the proper procedure for purportedly overbroad discovery requests is not to stay all discovery but rather to meet and confer and thereafter bring disputes that the parties are unable to resolve to the Court. Moreover, Defendants have not responded to Plaintiff's October 15, 2023 draft protective order addressing privacy concerns. Kroll Decl. ¶8. Following receipt of this Motion, Plaintiff asked Defendants to withdraw the Motion for failing to comply with the meet and confer requirements but Defendants refused. Kroll Decl. ¶9 & Ex. 3.

Defendants' failure to comply with their meet and confer obligations warrants denial of the Motion. This Court denies protective orders and other motions where, as here, the moving party did not engage in required genuine good faith efforts to resolve pending issues. *See, e.g.*, G*ould v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:22-CV-00820-LK, 2023 WL 3018865, at *5 (W.D. Wash. Apr. 20, 2023) (denying motion for protective order based on failure to establish meet and confer efforts) (citing *Brantigan v. Depuy Spine, Inc.*, No. C08-0177-RSL, 2008 WL 4279405, at *1 (W.D. Wash. Sept. 12, 2008)); *Johnson v. Columbia Debt Recovery, LLC*, No. C20-573RSM, 2021 WL 1964225, at *1 (W.D. Wash. May 17, 2021)); *Yamindi v. Osmer*, 2:22CV00961 Doc. 40 (Minute Entry) (W.D.

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

Wash. Sept. 21, 2023) (striking motion to compel for failure to meet and confer where additional meet and confer could have been productive after additional responses and documents were provided).

**B.  Defendants Do Not Meet Their Heavy Burden for a Stay of Discovery**

Even if the Motion were not summarily denied, Defendants fail to show good cause to stay discovery as required by Fed. R. Civ. P. 26(c)(1). The Federal Rules do not provide for blanket stays of discovery merely because a dispositive motion is pending. Such stays conflict with the policy of just, speedy resolution of litigation that the Rules of Civil Procedure embody. *See* Fed. R. Civ. P. 1. Accordingly, a party objecting to discovery carries a "heavy burden" to show why discovery should be denied. *Ozone Int'l, LLC v. Wheatsheaf Grp. US, Inc.*, No. 3:19-CV-06155-RAJ, 2020 WL 6741956, at *1 (W.D. Wash. Nov. 17, 2020) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

"[A]s this Court has held, "[a]lthough a court may relieve a party from the burdens of discovery while a dispositive motion is pending, this is the exception and not the rule." *Gould*, 2023 WL 3018865, at *7 (quoting *White v. Skagit Bonded Collectors, LLC*, No. 2:21-CV-00697-LK, 2022 WL 508825, at *1 (W.D. Wash. Jan. 24, 2022)). "A pending motion to dismiss is generally not grounds for staying discovery." *Gould*, 2023 WL 3018865, at *7 (citation omitted). "[A] district court may ... stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Apr. 17, 2002) (quotation omitted). "Had the Federal Rules contemplated that a motion to dismiss … would stay discovery, the Rules would contain a provision to that effect." *Gould*, 2023 WL 3018865, at *7 (quotation and citations omitted). *See also Blair v. Assurance IQ LLC*, No. C23-0016-KKE, 2023 WL 6622415, at *5 (W.D. Wash. Oct. 11,

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 5

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

2023) (denying motion to stay or bifurcate discovery in putative class action); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *Wilmington Tr. Co. v. Boeing Co.*, No. C20-0402-RSM-MAT, 2020 WL 6060434, at *1 (W.D. Wash. Oct. 14, 2020) (neither potentially dispositive motion, nor mere inconvenience and expense establish good cause for a stay).

Defendants' arguments that the need for discovery is "likely to be mooted" by their MTD and that the MTD does not require discovery are meritless. Plaintiff will file his response to the MTD on or before December 8, 2023, as agreed to by the parties. Kroll Decl. ¶10. However, a brief preview of Plaintiff's response to Defendants' MTD demonstrates it lacks merit.

### 1. Defendants' Motion to Dismiss Contradicts Allegations of the FAC

Defendants' MTD cannot be granted because Defendants rely on facts that contradict the FAC. For example, Plaintiff alleges that "Mr. Paieri never received any disclosure of the relative value of the benefit forms he was entitled to elect at retirement in accordance with applicable regulations under ERISA §205, 29 U.S.C. §1055." FAC ¶50. In direct contradiction of that allegation, Defendants submitted a declaration purporting to assert, without personal knowledge nor supporting evidence, that Plaintiff in fact received a relative value disclosure statement. Doc. 45 ¶10. *Lee v City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (on a Fed. R. Civ. P. 12(b)(6) motion, "[a]ll factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to [p]laintiffs.'") (citation omitted). Defendants' contradictory allegations highlight the need for discovery.

Further, although Defendants attempt to rely on what they purport is a relative value disclosure statement that they assert was provided to Plaintiff, that document cannot be considered on a motion to dismiss because Plaintiff has had no ability to examine that

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 6

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

document in discovery and questions its authenticity. *See Farson v. City of Lake Stevens,* No. 2:22-CV-00405-LK, 2023 WL 1766374, at *11 (W.D. Wash. Feb. 3, 2023) (denying incorporation by reference). The Motion can be denied because the MTD fails the requirements for incorporation by reference and relies on disputed facts. *See United States v. Bayley*, No. 3:20-CV-05867-DGE, 2022 WL 1289664, at *2 (W.D. Wash. Apr. 29, 2022) (denying request to stay discovery based on dispositive motion where "arguments are intertwined with factual issues going to the merits of the claims").

### 2.  Defendants' Standing Arguments Are Meritless

The default benefit under defined benefit plans is the qualified joint and survivor annuity ("QJSA"), which ERISA §205, 29 U.S.C. §1055, mandates must be as valuable as the highest benefit under the plan. *See* 26 C.F.R. §1.401(a)-20; 53 Fed. Reg. 31837-03 (Aug. 22, 1988). The QJSA requires that following the death of an employee participant, the spouse will receive not less than 50% or 75% of the benefit payable to the employee participant during their joint lifetimes. The normal retirement benefit under Defendants' Plan is the single life annuity ("SLA"). If benefits are to be paid to a married participant in a form other than a QJSA, ERISA requires spousal consent to elect that benefit form.

In order to determine the monthly benefit payable to a married participant and the survivor benefit payable to the spouse under the QJSA, the Plan must convert the SLA payable to the unmarried participant into an actuarially equivalent QJSA form. Plaintiff asserts multiple ERISA violations regarding Defendants' implementation of ERISA's QJSA requirements. Plaintiff asserts, *inter alia*, that Defendants violated ERISA by taking an oversized deduction - charging way too much - for the QJSA, by, upon information and belief, using outdated and unreasonable mortality assumptions in the conversion from the SLA into the QJSA. By employing outdated, unreasonable mortality assumptions projecting a shorter life expectancy for participants, Defendants artificially and improperly

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 7

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

reduced the monthly benefits payable under the QJSA to both employee and spouse. Use of outdated mortality assumptions violates ERISA's actuarial equivalency rules and results in the Plan presenting participants with unlawful benefit options at the time of their retirement, unlawfully lowering the monthly benefits payable under the QJSA.

Plaintiff clearly has standing to challenge the Plan's failure to comply with the QJSA requirements. By presenting participants with unlawful QJSA benefit options that are lower than the actuarial equivalent of the SLA, Defendants unlawfully deprived participants of rights to elect actuarially equivalent QJSA options, pushing some participants, like Plaintiff, to elect a benefit that has no survivorship benefits in the event of his death and, for those participants who elected the improperly reduced QJSA, paying some participants less in monthly benefits than they are lawfully entitled to receive during the employee participant and spouse's lifetimes.

Contrary to Defendants' assertions, the fact that Plaintiff elected the highest paying benefit and not the QJSA following Defendants' provision of benefit amounts for the QJSA that understated the benefit that must be actuarially equivalent to the SLA is consistent with his injury. The unlawful calculation of the QJSA benefit amounts harmed Plaintiff. All participants are entitled to choose between the QJSA and actuarially equivalent benefit forms. By offering Plaintiff a QJSA that was less than the actuarial equivalent of his SLA, Plaintiff (and his spouse) have been injured and have standing to assert rights to the relief sought in the complaint. Plaintiff states a plausible claim challenging Defendants' failure to calculate a QJSA that is both the highest benefit form and actuarially equivalent to the SLA.

Likewise, the claim for failure to provide ERISA-compliant relative value disclosures states a plausible claim of injury. Defendants' suggestion that in the absence of receipt of optional benefit forms that comply with ERISA, Plaintiff must somehow also

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 8

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

assert that he would have actually selected a benefit option that was never offered is nonsensical. Plaintiff is not required to assert what he would have done if a reasonable QJSA option that was never disclosed to him had been disclosed since no such option was in fact disclosed. Defendants denied Plaintiff his legally mandated rights of election, an injury sufficient for standing. All married Plan participants, including Plaintiff, were injured by Defendants' failure to comply with its legal obligations to offer benefit forms that were actuarially equivalent regardless of whether participants elected the QJSA or waived the QJSA and elected a different form of benefit. Article III standing requires that the plaintiff show (i) an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. *Cevasco v. Allegiant Travel Co.*, No. 222CV01741JADDJA, 2023 WL 6464867, at *2 (D. Nev. Oct. 4, 2023) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2203 (2021)).

The purpose of ERISA's QJSA requirements and regulations, including its relative value disclosure requirements, is to enable participants to make informed decisions regarding joint and survivor annuity options and to receive actuarially equivalent benefits. The relative value disclosure rules themselves make clear that Plaintiff has standing by providing that any consent to waiver of the QJSA is not valid unless the participant receives a timely and ERISA-compliant relative value disclosure. 26 C.F.R. §1.417(e)-1. Plaintiff's allegations are sufficient to show injury and harm attributable to Defendants' conduct that is capable of redress. In other words, Mr. Paieri has standing to assert his claims regarding violations of QJSA and relative value disclosure requirements.

Defendants' MTD also erroneously relies heavily on *Smith v. Rockwell Automation, Inc.*, No. 19-C-0505, 2020 WL 7714663 (E.D. Wisc. Dec. 29, 2020), for their standing

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 9

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

argument, (Doc. 44 at 11), but *Smith* ruled that the complaint's allegations were sufficient for constitutional standing: "There is no dispute that, under the facts alleged in the complaint, the plaintiff has standing" and granted the motion to dismiss after discovery had been conducted, based on *"allegation[s] relating to the merits of the plaintiffs claim rather than his standing to bring it." Id.*, at * 2-3.

### 3. Defendants' Arguments About ERISA QJSA Requirements Are Unlikely to Succeed

Reduced to its essence, Defendants' argument that the Court may dismiss Count I and Count IV's allegations regarding the unreasonableness of Defendants' joint and survivor annuity factors based on lack of express use of the word "reasonable" in ERISA's actuarial equivalence requirements is tantamount to asserting that the Plan and its fiduciaries may determine Plaintiff's benefit rights unreasonably. Defendants' "right to engage in unreasonable benefit determinations" argument has been rejected by multiple courts. *See Skrtich v. Pinnacle West Capital Corp.,* No. CV-22-01753 Doc. 29 at 5 (D. Ariz. Aug. 7, 2023) (ERISA requires actuarial equivalence which necessitates the use of reasonable assumptions); *Urlaub v. CITGO Petrol. Corp*., No. 21 C 4133, 2022 WL 523129, at *6 (N.D. Ill. Feb. 22, 2022) (ERISA's actuarial equivalence requirements don't permit unreasonable assumptions); *Masten v. Metro. Life Ins. Co*., 543 F.Supp.3d 25, 34 (S.D.N.Y. 2021) (ERISA requires reasonable actuarial assumptions when converting SLAs into alternative benefits); *Cruz v. Raytheon Co*., 435 F.Supp.3d 350, 352 (D. Mass. 2020) (same); *Smith v. Rockwell Automation, Inc*., 438 F.Supp.3d 912, 914 (E.D. Wis. 2020) (denying motion to dismiss allegations that plan uses unreasonable actuarial assumptions); *Herndon v. Huntington Ingalls Indus.*, Inc., No. 4:19-CV-52, 2020 WL 3053465, at *2 (E.D. Va. Feb. 20, 2020) ("Under a straightforward and plain reading of the statute and

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 10

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

regulations, Defendants must use 'reasonable' data to ensure that Plaintiff is receiving benefits that are equivalent to a single life annuity.").

The single contrary decision Defendants rely on is *Belknap v. Partners Healthcare Sys., Inc.*, 588 F.Supp.3d 161, 170–71 (D. Mass. 2022) (Doc. 44 at 13) but even there, the court ruled on summary judgment and denied an earlier motion to dismiss. 2020 WL 4506162, at *1 (D. Mass. Aug. 5, 2020).

### 4. Defendants' Statute of Limitations Arguments Also Fail

The statute of limitations will not result in dismissal. The MTD asserts that the statute of limitations under Counts I-III runs from 2019 when Plaintiff retired. Doc. 44 at 18. While Plaintiff will demonstrate that the statute of limitations was never triggered under the federal accrual rule, even if Defendants were correct, under their claimed 2019 accrual date, Plaintiff's claims under Counts I-III are timely because Washington's six-year statute of limitations for "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement" applies. Wash. Rev. Code §4.16.040. The Ninth Circuit has applied Washington's six-year statute of limitations multiple times to comparable claims. *Flanagan v. Inland Empire Elec. Workers Pension Plan & Tr.,* 3 F.3d 1246, 1251–52 (9th Cir. 1993); *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1187–89 (9th Cir. 2010). *See also Hakim v. Accenture United States Pension Plan*, 656 F.Supp.2d 801, 818 (N.D. Ill. 2009) (rejecting catch-all statute of limitations for violations of ERISA §204(h) and holding most analogous Illinois statute of limitations is one for written contracts.)

Defendants incorrectly attempt to rely on Washington's two-year "catch-all" provision under Wash. Rev. Code §4.16.130, which applies to "[an] action for relief not hereinbefore provided for." Doc. 44 at 17. The only ERISA case in this Circuit Defendants cite is a case under ERISA §502(c), 29 U.S.C. §1132(c), which provides for statutory penalties under ERISA for failure to provide documents. *Townsley v. Snc-Lavalin*

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 11

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

*Constructors, Inc.*, No. C15-1228-JCC, 2016 WL 772792, at *3 (W.D. Wash. Feb. 29, 2016). Defendants have not moved to dismiss Count VI, which is Plaintiff's ERISA §502(c) claim for statutory penalties for failure to provide documents Plaintiff requested. In arguing for the two-year statute, Defendants try to make a distinction between claims for benefits and the ERISA claims that Plaintiff brings here, but that argument fails. Washington's six-year statute of limitations applies to claims for a breach of a written contract and to "liability express or implied arising out of a written agreement." There is no dispute that Defendants operate a pension plan set forth in a written plan document governed by ERISA. To the degree that Defendants violate the statute, the liability arises directly from the operation of the written plan and governing law, and the six-year statute of limitations applies.

Although the statute of limitations was never triggered, and even if had been, Plaintiff's claims are timely using a 2019 accrual date applying the correct limitations period, if there are any questions on the statute of limitations, discovery is required to resolve them. Under ERISA, a cause of action accrues "either at the time benefits are actually denied, or when the insured has reason to know that the claim has been denied." *Wetzel v. Lou Ehlers Cadillac*, 222 F.3d 643, 646, 649-50 (9th Cir. 2000) (citations omitted). "A claimant has a 'reason to know' under the second prong of the accrual test when the plan communicates a 'clear and continuing repudiation of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his or her benefits had been finally denied.'" *Withrow v. Halsey*, 655 F.3d 1032, 1036 (9th Cir. 2011) (citation omitted). It is Defendants' burden to establish a statute of limitations defense. Merely providing benefits does not trigger the running of the statute of limitations. This is a fact-intensive question; no "clear repudiation" is apparent on the face of the FAC. The FAC states, for example, that the Plan does not disclose the interest rate or mortality

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 12

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

table used to calculate joint and survivor annuities and that Plaintiff had no disclosure regarding the relative values of his benefits. Complaint ¶29, 33-34, 48-49, 55. The FAC also states that there was no advance notice of benefit reductions. Complaint ¶59, 65.

The ERISA breach of fiduciary duty statute of limitations is the "earlier of (1) six years after (A) the date of the last action which constituted a part of the breach or violation or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation...." 29 U.S.C. §1113. The claims under Count IV are unquestionably timely under the six-year breach of fiduciary duty statute of limitations and the MTD makes no arguments regarding that prong of the statute. Rather, Defendants' MTD relies solely on arguments under the three year "actual knowledge" prong. Doc. 44 at 19-20. To trigger the running of the statute of limitations based on actual knowledge, Plaintiff must have had "knowledge of an ERISA fiduciary's actual breach," something clearly not evident from the FAC. Plaintiff alleges he received inadequate and/or no notices of Plan provisions, options and amendments. The FAC does not support an actual knowledge requirement. *See Intel Corp. Inv. Policy Comm. v. Sulyma*, 140 S. Ct. 768, 778 (2020) (ERISA statute of limitations periods begin "only when a plaintiff actually is aware of the relevant facts, not when he should be.").

**C.  A Stay Will Prejudice Plaintiff**

Defendants' conclusory assertion that a stay won't prejudice Plaintiff is incorrect. This case is about retirement benefits, which, by its nature, impacts older Plan participants, in many cases living on fixed incomes. Delay is inconsistent with the declared congressional policy of ERISA. 29 U.S.C. §1001(b) (ERISA policies include "providing for appropriate remedies, sanctions, and ready access to the Federal courts"). Delay is also inconsistent with the rules governing class actions which require class determinations to

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 13

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

be made at an "early practicable time." Fed. R. Civ. P. 23(c)(1)(A). This Court also imposed an ambitious schedule with expert disclosures due April 16, 2024, dispositive motions by July 15, 2024 and a proposed Pretrial Order due October 22, 2024. Doc. 29. Plaintiff simply cannot meet that schedule if Defendants' Motion is granted.

**D. Defendants' Cases Are Inapposite**

None of Defendants' cases supporting a stay of discovery are even remotely analogous. Many deal with qualified immunity which the courts hold warrants a stay of discovery until the issue is decided including *Simms v. Sinclair*, No. 319CV05323RBLJRC, 2019 WL 5862812 (W.D. Wash. Nov. 8, 2019); *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988); *Heck v. Stern*, No. 3:06-cv-5030-RJB/KLS, 2006 WL 2222348 (W.D. Wash. Aug. 2, 2006). No such comparable rule exists under ERISA. Other cases are factually inapposite. *See, e.g., Chaten v. Van Boening*, No. 09-5615RJB/KLS, 2010 WL 3938138 (W.D. Wash. Oct. 4, 2010) (prisoner civil rights); *Neal v. City of Bainbridge Island*, No. C20-6025RSL, 2021 WL 2105301 (W.D. Wash. May 25, 2021) (defamation); *Ozone Int'l*, 2020 WL 6741956 (plaintiff waited seven months and only after second motion to dismiss before seeking discovery); *United States v. Ctr. for Diagnostic Imaging, Inc.*, No. C05-0058RSL, 2010 WL 11682231 (W.D. Wash. Dec. 16, 2010) (qui tam action where discovery could cause competitive harm); *Todd v. Cities of Aberdeen*, No. C09-1232-JCC, 2009 WL 10676365, at *2 (W.D. Wash. Nov. 19, 2009) (no discovery needed to decide dispositive motions).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion for a Protective Order Staying Discovery be denied.

Respectfully submitted this 15th day of November 2023.

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 14

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MARTIN & BONNETT, P.L.L.C.**

By: s/Michael M. Licata

Michael M. Licata
Susan Martin (*pro hac vice*)
Jennifer Kroll (*pro hac vice*)
999 N. Northlake Way, Suite 206B
Seattle, WA 98103

*Attorneys for Plaintiff and proposed classes*

I certify that this memorandum contains 4,095 words, in compliance with the Local Civil Rules.

By: s/ Michael M. Licata

PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY
Case No. 2:23-cv-00922-LK Pg. 15

**MARTIN & BONNETT, P.L.L.C**
999 N. NORTHLAKE WAY, SUITE 206B
SEATTLE, WA 98103
Tel. (602) 240-6900 Fax (602) 240-2345