UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL PAIERI,<br><br>    Plaintiff,<br> v.<br><br>WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST et al.,<br><br>    Defendants. | CASE NO. 2:23-cv-00922-LK<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Plaintiff Michael Paieri's Motion for Leave to Amend or Alternatively to Permit Putative Named Plaintiff and Class 1 Member Stanley Sawyer to Intervene. Dkt. No. 88. For the reasons set forth below, the Court grants the motion for leave to amend and denies as moot the alternative motion to intervene.

## I. BACKGROUND

In June 2023, Paieri initiated this putative ERISA class action against Defendants Western Conference of Teamsters Pension Trust and the Board of Trustees of the Western Conference of Teamsters Pension Trust. Dkt. No. 1. Defendants moved to dismiss, and on October 6, 2023, Paieri

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 1

1  amended the complaint as a matter of course. Dkt. No. 36 ("FAC"). On June 21, 2024, the Court

2  denied Defendants' motion to dismiss the FAC, but granted their motion to bifurcate liability and

3  damages. Dkt. No. 80. Defendants answered the FAC on July 19, 2024. Dkt. No. 83.

4        On September 5, 2024, Paieri filed the instant motion for leave to file a Second Amended

5  Complaint ("SAC") to add Stanley Sawyer as a named plaintiff because of Defendants' continued

6  challenges to Paieri's standing and ability to represent the classes. Dkt. No. 88 at 3–4. In the

7  alternative, Sawyer seeks to intervene under Federal Rule of Civil Procedure 24. *Id.* Defendants

8  oppose both leave to amend and Sawyer's intervention. Dkt. No. 92 at 3.[1]

9        **II.   DISCUSSION**

10 **A.   Legal Standards Under Rule 15 and 16**

11       The November 1, 2023 deadline to amend pleadings set by the Court's scheduling order

12 has passed, Dkt. No. 29, so Paieri must satisfy Rule 16(b)'s "good cause" standard. "Unlike Rule

13 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose

14 an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard

15 primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth*

16 *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Leave to amend is appropriate only if the

17 amended pleading deadline could not be met despite the diligence of the moving party. *Id.* The

18 Court's inquiry thus focuses on the moving party's reasons for seeking a modification and, "[i]f

19 that party was not diligent, the inquiry should end." *Id.*; *accord Zivkovic v. S. Cal. Edison Co.*, 302

20 F.3d 1080, 1087 (9th Cir. 2002).

21       In assessing diligence, the Court may consider "whether the moving party knew or should

22 have known the facts and theories raised by the amendment in the original pleading." *Jackson v.*

---

[1] Because this motion can be decided on the parties' briefing and supporting declarations, their requests for oral argument are denied. *Id.* at 1; Dkt. No. 88 at 1.

*Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). When that is the case, the Court may deny leave to amend. *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000). The Court may likewise deny leave to amend if the moving party knew of the facts and theories at issue sufficiently in advance of the deadline to timely assert them. *See, e.g.*, *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (denying leave to amend where plaintiff's motion "came several months after the stipulated deadline for amending or supplementing the complaint" and "[n]othing in the proposed amended complaint relied on facts that were unavailable before the stipulated deadline").

**B.     Paieri Has Shown Good Cause to Amend**

Here, Paieri contends that amendment is warranted because, although he continues to assert that "he is an appropriate and adequate representative of all of the classes," and although the Court denied Defendants' motion to dismiss on the basis that Paieri lacks standing, Dkt. No. 80 at 6, 8–12, Defendants have indicated that they will continue to challenge his standing. Dkt. No. 88 at 4. Specifically, Defendants' July 19, 2024 answer to Paieri's first amended complaint raised an affirmative defense that Paieri lacks standing, Dkt. No. 83 at 16, and Defendants "have also stated that they will oppose class certification on grounds that Plaintiff is not an appropriate class representative because he did not elect a joint and survivor annuity," Dkt. No. 88 at 4. Paieri therefore reasons that adding Sawyer as a named plaintiff and representative of Class 1 is necessary "to dispel any possible argument about representation." *Id*. Like Paieri, Sawyer "challenges Defendants' utilization of unreasonable actuarial factors to compute joint and survivor benefits"; however, unlike Paieri, Sawyer "elected the Optional employee and spouse benefit form and alleges that as the result of Defendants' unlawful conduct, he has been underpaid and is receiving benefits that are less than the actuarial equivalent of the single life annuity." *Id.* at 4–5.

       Although discovery has been ongoing since around September 2023, Dkt. No. 29, Paieri was not able to identify a new potential class representative through discovery because the data on putative Class 1 was anonymized, Dkt. No. 89 at 2. Sawyer, the proposed new named plaintiff and Class 1 member, was only identified because he left Paieri a voicemail on June 30, 2024. *Id.* Prior to that, Paieri had no information identifying Sawyer or any other putative class member. *See id.*; Dkt. No. 88 at 7. Furthermore, it appears that early discovery efforts were delayed by Defendants' motion to stay discovery, which was filed in October 2023, Dkt. No. 37, and denied on December 18, 2023, Dkt. No. 58. Following its denial of that motion, the Court asked the parties to indicate whether bifurcated discovery was appropriate, Dkt. No. 59 at 1, and ultimately modified the case schedule in February 2024 to specifically provide for discovery on class certification issues, which was to be completed by July 15, 2024, Dkt. No. 71 at 2. Due to various complications that arose during discovery, that deadline was subsequently extended three times, and the current deadline is November 1, 2024. *See* Dkt. No. 72 at 2; Dkt. No. 74 at 2; Dkt. No. 86 at 2; Dkt. Nos. 73, 75, 87. Thus, Paieri discovered Sawyer's identity about midway through discovery.

       On July 9, about a week after learning of Sawyer's identity and willingness to participate in the litigation, Paieri's counsel asked Defendants' counsel whether they would consent to amending the complaint to add Sawyer as a named plaintiff. Dkt. No. 89 at 2. Defendants did not respond until August 20, when their counsel declined to consent. *Id.* Two days later, counsel for both parties met in an unsuccessful effort by Paieri to change Defendants' mind. *Id.* Six days later, on August 28, Defendants served their expert rebuttal report on class certification issues that made clear that Defendants planned to argue that Paieri "is an insufficient representative of most of the distinct subgroups of potential putative class members of the putative class." *Id.* at 3. Paieri filed this motion a week later, on September 5, 2024. Defendants do not contend that Paieri failed to act diligently in seeking leave to amend. *See generally* Dkt. No. 92. Based on the above facts, the

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 4

Court finds that Paieri acted diligently: after learning of Sawyer's identity and willingness to participate in the litigation, Paieri's counsel quickly investigated Sawyer's claims, sought Defendants' consent to amend the complaint, and filed this motion for leave to amend shortly after those efforts failed. *See, e.g.*, *Rieve v. Coventry Health Care, Inc.*, No. 11-CV-01032-DOC, 2012 WL 929737, at *3 (C.D. Cal. Mar. 19, 2012) ("Two months is a reasonable time frame in which to both investigate potential new class representatives and draft a motion to amend."); *Gould v. Motel 6, Inc.*, No. 09-CV-08157-CAS, 2011 WL 759472, at *4 (C.D. Cal. Feb. 22, 2011) (permitting amendment even though plaintiffs took "over sixteen months to find the new plaintiff").

**C.   Leave to Amend is Appropriate Under Rule 15(a)**

Having found that Paieri has met the standard under Rule 16(b), the Court turns to the requirements of Rule 15. Rule 15(a)(2) directs district courts to "freely give leave when justice so requires." As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). This is because "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up).

A district court should deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment[.]" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (cleaned up). Evaluation of these factors "should be performed with all inferences in favor of granting the motion [to amend]." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). However, the amendment factors are not entitled to

equal weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The Ninth Circuit has repeatedly emphasized that prejudice "carries the greatest weight" and is "the touchstone of the inquiry under [R]ule 15(a)." *Id.* (internal quotation marks omitted); *see also, e.g., Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Indeed, there is a presumption in favor of amendment absent prejudice or a "strong showing" under the remaining four factors. *Eminence Cap.*, 316 F.3d at 1052. The party opposing amendment bears the burden of showing that amendment is not warranted. *Hedglin v. Swift Transp. Co. of Ariz.*, No. C16-5127-BHS, 2016 WL 8738685, at *1 (W.D. Wash. Nov. 15, 2016).

Defendants advance two arguments: (1) that Paieri lacks standing and therefore cannot amend to add a new plaintiff to fix the problem under *Lierboe v. State Farm Mutual Automobile Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003); and (2) that amendment would be futile because Sawyer "does not fall within Plaintiff's expert's own definition of Class 1, and therefore cannot be an adequate class representative." Dkt. No. 92 at 3–9.

### 1. <u>*Lierboe* does not apply here</u>

The Court first finds that *Lierboe* does not apply in this context, where Defendants only challenge Paieri's standing to bring some (but not all) of his claims.

As a threshold matter, Paieri argues that because "the Court has clearly resolved the standing issue," Defendants should not be able to relitigate it here. *See* Dkt. No. 88 at 8–9 (invoking law-of-the-case principles). The Court previously rejected Defendants' facial challenge to Paieri's standing to bring the actuarial equivalence claims (Count I and the corresponding parts of Count IV), Dkt. No. 80 at 8–12, but it declined to address Defendants' factual challenge to standing because it was not adequately briefed at the time, *id.* at 10 n.5. Therefore, although Defendants may not resurrect their rejected facial challenge, their factual challenge to standing is not foreclosed by the Court's prior decision. *See* Dkt. No. 92 at 4.

      Nevertheless, *Lierboe* does not deliver Defendants a victory. In *Lierboe*, after the federal district court certified the class, the state supreme court held that the class representative did not have a legally cognizable claim. 350 F.3d at 1022. The Ninth Circuit held that the case could not proceed as a class action with another representative because the named plaintiff had no live claim and therefore no standing when the case was first brought, making substitution of the named plaintiff a jurisdictional non-starter. *Id.* at 1022–23. Here, there is no dispute that Paieri has standing to assert some claims, *i.e.*, Counts II, III and VI, and seeks to represent absent class members who have standing to assert analogous claims.[2] *See Staley v. Gilead Sciences, Inc.*, No. 19-CV-02573-EMC, 2021 WL 5906049, at *2 (N.D. Cal. Dec. 14, 2021) ("*Lierboe* did not address the factual circumstance at issue in the instant case – *i.e.*, where the named plaintiffs *do* have standing to assert some claims and seek to represent absent class members who have standing to assert *analogous* claims."). Therefore, even if Defendants' factual challenge to Paieri's standing with respect to Count I and corresponding parts of Count IV is successful, "this is not a situation like *Lierboe* where standing [as to every claim], and therefore subject matter jurisdiction, was absent from the outset." *Hensley-Maclean v. Safeway, Inc.*, No. 11-cv-01230-RS, 2015 WL 3956099, at *5 (N.D. Cal. June 29, 2015) (noting that "there is no sound basis for denying leave to amend at this juncture, given that the jurisdiction of the Court was properly invoked in the first instance").

      *Lierboe* thus does not preclude amending the complaint under these circumstances. And without a more fully developed record, the Court sees no need to resolve Defendants' factual challenge to Paieri's standing as to Count I and corresponding parts of Count IV. Defendants may raise any such challenge in connection with Paieri's forthcoming motion for class certification.

---

[2] Counts V and VII were withdrawn without prejudice. Dkt. No. 28.

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 7

### 2. Leave to amend would not be futile

"[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense[.]'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997)). Although "[f]utility alone can justify the denial of a motion for leave to amend," *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004), "denial on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed," *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)); *see also* Phillips & Stevenson, Rutter Group Practice Guide, Federal Civil Procedure Before Trial § 8:1514 (The Rutter Group 2024). Futility is "often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1154 (N.D. Cal. 2010) (quoting *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002)); *see, e.g., Puget Soundkeeper All. v. APM Terminals Tacoma LLC*, 545 F. Supp. 3d 893, 897–98 (W.D. Wash. 2021) (declining to find that amendment was futile and concluding that the issue was "better suited for a fully-briefed dispositive motion").

Defendants' futility arguments are premature. Although they appear to argue that Sawyer "lacks standing" in the title to Section IV of their opposition brief, they do not advance any arguments about Sawyer's Article III standing. *See* Dkt. No. 92 at 7–9. Indeed, they appear to concede that their challenges to Paieri's standing would not apply to Sawyer, because "unlike Mr. Paieri, Mr. Sawyer actually elected a form of JSA[.]" *Id.* at 4. Instead, Defendants focus solely on Rule 23 considerations—arguing that Sawyer "does not fall within Plaintiff's expert's own definition of Class 1, and therefore cannot be an adequate class representative." *Id.* at 9.

Arguments that "newly proposed class representatives inadequately represent the proposed class" are "not for the Court to decide on a motion for leave to amend." *Radio City, Inc. v. Celestron Acquisition, LLC*, No. 5:20-CV-03642-EJD, 2023 WL 5519324, at *11 (N.D. Cal. Aug. 25, 2023). Although Defendants' brief and accompanying declaration address in detail Sawyer's inadequacy as a class representative for putative Class 1, the Court sees no reason to follow suit; denying leave to amend on these grounds would require the Court to leap ahead to a Rule 23 certification analysis. *See Bund v. Safeguard Props., LLC*, No. C16-0920JLR, 2016 WL 8738677, at *6 (W.D. Wash. Dec. 30, 2016) (collecting cases for the proposition that "[a]rguments concerning class certification are simply premature in the context of [a] motion for leave to amend [the] complaint"); *Randolph v. Centene Mgmt. Co., LLC*, No. C14-5730 BHS, 2015 WL 5794326, at *2 (W.D. Wash. Oct. 5, 2015) (finding a futility of amendment argument based on an inability to satisfy Rule 23 "premature and better suited for an opposition to class certification").[3]

Defendants have failed to establish that Paieri's proposed amendments to the FAC are futile. Because the Rule 15(a)(2) standard under which the Court considers Paieri's motion is generous, the Court finds it more prudent to resolve Defendants' challenge to Sawyer's ability to adequately represent Class 1 as part of Paieri's forthcoming motion for class certification.

### 3. The remaining factors support amendment

For the same reasons that Paieri has shown good cause to amend, the Court finds that he has not engaged in undue delay or bad faith, nor is any dilatory motive apparent. This is also not a case where the plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed. And finally, although granting leave to amend will cause a short delay to allow the parties

---

[3] Although some courts have denied pre-certification motions to amend as unlikely to succeed in certification, such amendments are generally rejected only where they fail to overcome deficiencies already identified in a class certification motion. *See, e.g.*, *Orthocraft, Inc. v. Sprint Spectrum L.P.*, No. 98-CV-5007, 2002 WL 31640477, at *1–2 (E.D.N.Y. Nov. 16, 2002) (denying motion to amend class action allegations where proposed amendments did not cure deficiencies found in court's previous rejection of class certification).

to conduct additional discovery relating to Sawyer, Defendants do not argue they would be prejudiced by the delay, *see generally* Dkt. No. 92, and the Court finds that they would not be. As Plaintiffs argue, "[r]ather than have Mr. Sawyer, who is a class member and whose data was produced by Defendants, . . . start his own lawsuit from scratch, judicial economy favors permitting amendment to add Mr. Sawyer as a plaintiff." Dkt. No. 88 at 9.

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Paieri's Motion for Leave to Amend, Dkt. No. 88, and DENIES AS MOOT Paieri's alternative Motion to Permit Putative Named Plaintiff and Class 1 Member Stanley Sawyer to Intervene, s*ee id.* at 10–11. Paieri shall file his proposed Second Amended Complaint by October 24, 2024.

As requested by Defendants, Dkt. No. 92 at 12, the Court will permit sufficient time to conduct discovery related to Sawyer before the class certification motion filing deadline. The Court therefore ORDERS the parties to meet and confer and submit a joint status report proposing a modified scheduling order by no later than October 24, 2024.

Dated this 17th day of October, 2024.

Lauren King
United States District Judge